COBB, Judge.
Lazaro Martinez DuPont, a non-resident of St. Johns County, was charged with committing a “traffic infraction” (excessive speed) within that county.[1] This was a non-criminal charge governed by the Florida Rules for Traffic Court.
The defendant pled not guilty, and his attorney inappropriately filed a waiver of appearance pursuant to Florida Rule of Criminal Procedure 3.180(c), said rule being inapplicable to this non-criminal proceeding. A defendant who pleads not guilty in such a case is not obligated to file a waiver of appearance or an affidavit of defense, nor is he required to personally appear at hearing. The provisions in Florida Rule of Practice and Procedure for Traffic Courts 6.340(c) permit the filing and consideration of a written statement under certain enumerated circumstances to accommodate non-resident, absent or ill defendants, but do not mandate personal appearance, as opposed to appearance by counsel, of a defendant who previously has pled not guilty. It is still the burden of the state to prove the elements of the charge at the hearing, including identity, irrespective of the defendant’s personal presence.
At the inception of the hearing below, the county court judge announced the case and defense counsel announced he was ready to proceed; counsel further informed the court that DuPont would not testify. No representation was made of record that DuPont was present. The trial court had the right to inquire as to whether or not the defendant DuPont was present, but did not. No prosecuting attorney was present.
A prosecuting witness, Officer Tillman, testified that, in response to a radio report pf speeding from a traffic surveillance airplane, he stopped a grey automobile and issued a citation to a Mr. DuPont, the driver of. the vehicle. In response to a question from the trial judge, Tillman identified a man sitting in the courtroom as being DuPont, the driver of the vehicle at the time of the arrest. Defense counsel asked no questions on cross-examination. In the case for the defense, only one witness was called: the man Tillman had identified as DuPont. It was established that he was one Daniel G. Rockawich. The defense rested, and moved for a judgment of acquittal on the ground that the state had failed to identify the defendant. The trial court expressed displeasure at “this kind of *440 trick,” and convicted DuPont of the charge.[2]
On appeal, the Circuit Court of St. Johns County reversed the conviction, rejecting the state’s contention that defendant DuPont was obligated to either be present or admit that he was the driver. The circuit court correctly observed that the state had the burden of proving the identity of the driver, and that the record failed to indicate misconduct by defense counsel.
The state now has petitioned for cer-tiorari review of the action by the circuit court pursuant to Florida Rule of Appellate Procedure 9.100 and Article V, Section 4(b)(3) Florida Constitution. It is the state’s position that the filing of the affidavit by the defendant on the day before the hearing constituted a waiver of the issue of identification and, therefore, the misidenti-fication by Officer Tillman at hearing was irrelevant. The state cites no authority for this waiver argument, and we are aware of none. It may well have been sufficient at this non-criminal hearing for the officer to have testified that the defendant had identified himself at the time of arrest as being Lazaro Martinez DuPont, but that was not done. The only evidence adduced in regard to identification of the defendant at the hearing was the misidentification of Rocka-wich by Officer Tillman.
We perceive no error by the circuit court acting in its appellate capacity. Indeed, even if there had been error committed by the circuit court in its review and analysis of the evidence, that error could not be characterized as “so flagrant and of such magnitude that a party has been effectively denied his day in court” so as to justify the invocation of this court’s certio-rari jurisdiction. See City of Winter Park v. Jones, 392 So.2d 568 (Fla. 5th DCA 1980).
Accordingly, the petition for writ of certio-rari is denied.
DENIED.
FRANK D. UPCHURCH, Jr., J., concurs.
SHARP, J., dissents with opinion.

. § 316.183(2), Fla.Stat. (1979).

. It is not clear from the record before this court whether the man identified by Officer Tillman in court as the man who had been ticketed was sitting at counsel table with defense counsel or, instead, some other place in the courtroom. If defense counsel violated the rules or the decorum of county court by having someone other than the defendant at counsel table, without advance permission from the court, then this behavior on counsel’s part could be dealt with by an appropriate disciplinary measure directed against counsel.